IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER ALLEN WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-002 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Christopher Allen Waters appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

---

[1]The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

**I.    BACKGROUND**

Plaintiff applied for DIB on May 3, 2012, alleging a disability onset date of October 1, 2011. Tr. ("R."), pp. 21, 148, 160. His last insured date for purposes of the DIB application is September 30, 2016. R. 23, 155. Plaintiff was forty-five years old at his alleged disability onset date and was forty-eight years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 32, 206.

Plaintiff completed eleventh grade and went on to obtain his GED. R. 42. Prior to his alleged onset date, Plaintiff had worked for approximately sixteen years as a long haul truck driver for a cabinet manufacturer. R. 43, 199, 239. Plaintiff applied for disability because of back problems, bad knees, sleep apnea, hypertension, left leg problems, and obesity. R. 192. At the time of his application, Plaintiff was six feet, one inch tall and weighed 402 pounds. Id. At the time of his hearing before the ALJ, Plaintiff weighed 454 pounds. R. 42.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 78-84, 91-92. Plaintiff then requested a hearing before an ALJ, R. 94-97, and the ALJ held a hearing on February 14, 2014. R. 37-69. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Kim Bennett, a Vocational Expert ("VE"). Id. On April 21, 2014, the ALJ issued an unfavorable decision. R. 18-36.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 1, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: obesity, degenerative disc/joint disease, sleep apnea, and hypertension (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except the claimant is limited to standing and walking for no more than an hour.[2] The claimant should have no exposure to unprotected heights or dangerous machinery. Thus, the claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569 and 404.1569(a)), including surveillance system monitor, callout operator, and food order clerk. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2011, the alleged onset date, through the date of the ALJ's decision, April 21, 2014 (20 C.F.R. § 404.1520(g)).

R. 23-31.

When the Appeals Council denied Plaintiff's request for review, R. 2-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to properly utilize the VE to determine Plaintiff could perform jobs that exist in significant numbers in the national economy; (2) the ALJ failed to properly weigh the

---

[2]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

statement of a physician's assistant concerning Plaintiff's RFC; and, (3) the ALJ failed to properly evaluate Plaintiff's credibility. See doc. no. 16 ("Pl.'s Br."); doc. no. 20 ("Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 17 (Comm'r's Br.").

## II. DISCUSSION

### A. Standard of Review

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r

of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### B. Any Discrepancy Between the VE Testimony and Information in the Dictionary of Occupational Titles ("DOT") Does Not Form the Basis for Reversal or Remand.

Plaintiff first argues the ALJ improperly relied on the VE's testimony to determine Plaintiff could perform jobs that exist in significant numbers in the national economy. Pl.'s Br., pp. 14-17; Reply Br., pp. 1-3. Specifically, Plaintiff argues about how "the VE seems to interpret" the ALJ's restriction for Plaintiff concerning a limitation for standing and walking for no more than an hour and suggests the VE's perceived interpretation creates a conflict with the requirements of the DOT. Pl.'s Br., p. 16. According to Plaintiff, because the ALJ did not ask the VE to resolve the perceived conflict with the DOT, the ALJ erred, and the case must be remanded. The Commissioner responds with her own "more obvious reading" of the VE's testimony and contends the "natural implication" of clarifying regulations about the requirements

for sedentary work all combine to show there is no conflict between the VE's testimony and the DOT. Comm'r's Br., pp. 3-6.

Fortunately, the Court need not resolve this battle of interpretations and implications because even if Plaintiff were correct in his reading of the testimony, the argument for remand is a non-starter. Pursuant to Social Security Ruling ("SSR") 00-4p, the ALJ "has an affirmative responsibility to ask about any possible conflict between [the] VE . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). The ALJ must elicit an explanation from the VE "[w]hen there is an apparent unresolved conflict." Id. at *2; see also Leonard v. Comm'r of Soc. Sec., 409 F. App'x 298, 301 (11th Cir. 2011) (ALJ must elicit a reasonable explanation for discrepancy between DOT and VE testimony).

Nevertheless,

> [e]ven assuming that an inconsistency existed between the testimony of the [VE] and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the [VE]. Our precedent establishes that the testimony of a [VE] 'trumps' an inconsistent provision of the DOT in [the Eleventh] Circuit.

Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007) (citing Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999)). Thus, even if there had been some confusion and/or resultant conflict with the VE's testimony and the DOT over the standing and walking restriction imposed by the ALJ, the ALJ would not have committed reversible error even if he had violated SSR 00-4p by failing to specifically address such a conflict.

Nor can Plaintiff be heard to complain Jones v. Apfel no longer applies because SSR 00-4p was issued after Jones. Nothing in SSR 00-4p suggests VE testimony no longer trumps any conflicting provisions in the DOT, and the Eleventh Circuit squarely rejected Plaintiff's argument in the analogous case of Leigh v. Comm'r of Soc. Sec., 496 F. App'x 973 (11th Cir.

6

2012). As here, the plaintiff in Leigh did not identify any conflicts between the VE testimony and DOT during the administrative hearing, choosing instead to argue on appeal that the ALJ violated SSR 00-4p by failing to resolve an alleged conflict. The Eleventh Circuit disagreed because the plaintiff failed to raise the argument at the ALJ hearing. In addition, the Eleventh Circuit reasoned that "[e]ven assuming . . . there was an inconsistency between the VE's opinion and the DOT, the ALJ did not err in relying on the VE's opinion" because of the holding in Jones that "the testimony of a VE trumps the DOT where there is an inconsistency." Id. at 975. In sum, while Plaintiff is correct SSR 00-4p requires an ALJ to consider possible conflicts between the DOT and VE testimony, failure to do so does not constitute reversible error in the Eleventh Circuit because VE testimony trumps any conflicting DOT provision.

### C. The Court Does Not Recommend Remand Based on Statements by a Physician's Assistant ("P.A.") in a General Questionnaire Designed to Evaluate Eligibility for Veterans' Affairs Benefits.

Plaintiff next argues the ALJ erred in according little weight to the statement of Brenda Hill, a P.A. at the Veterans' Affairs Medical Center in Dublin, that Plaintiff was not a candidate for sedentary work. Pl.'s Br., pp. 20-23; Reply Br., pp. 3-5. The Commissioner argues a P.A. is not an acceptable medical source under the regulations, and in any event, the ultimate determination of a Social Security disability claim is reserved to the Commissioner. Comm'r's Br., pp. 7-11.

Sources that can provide evidence to establish an impairment include licensed physicians, but not physician's assistants. See Farnsworth v. Soc. Sec. Admin., 636 F. App'x 776, 783-84 (11th Cir. 2016) (explaining treating sources who are not "acceptable medical sources" under the regulations must be considered by the ALJ but are not entitled to controlling weight over opinions of acceptable medical sources); 20 C.F.R. § 404.1513(a)(1).

Moreover, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

The parties do not dispute that on June 18, 2013, P.A. Hill completed a Disability Benefits Questionnaire, General Medical, (R. 713-18), followed by several more questionnaires relating to specific body systems, (R. 718-51). On page one of the General Questionnaire, Ms. Hill's name appears without a designation as a P.A., (R. 713), but on the last page of the last questionnaire specific to body systems, she is identified as a P.A., (R. 751). In the General Questionnaire, P.A. Hill states, "Considering [Plaintiff's] age, residual functional capacity, work experience, there are no jobs that exist win [sic] significant numbers in t[he] national economy that [Plaintiff] could perform. He would not be a candidate for sedentary position[s] given the residual functional capacity." R. 718.

The ALJ gave little weight to P.A. Hill's statement, contrasting her opinion that Plaintiff could not perform any work with the observation "she also noted the claimant was a candidate for sedentary position (Ex. 17F/61)." R. 29. According to the ALJ, Ms. Hill's credentials were not clear "and the opinion seems internally inconsistent," but the internal inconsistencies were not specifically identified. Id. The ALJ also noted the medical records were inconsistent with an inability to do any work, as Plaintiff "had normal strength of the lower extremities with no atrophy, negative straight leg raise testing, and the claimant mostly exhibited a normal gait with no assistive device." R. 29 (citing Exs. 3F, 4F, 9F, 12F, 14F, 17F, and 18F).

8

Either the ALJ's written opinion contains a scrivener's error in stating P.A. Hill opined Plaintiff was a candidate for a sedentary position, (R. 29), or the ALJ misread the statement that actually says Plaintiff is *not* a candidate for a sedentary position, (R. 718 (emphasis added).) Moreover, although not clear from the portion of the General Questionnaire cited by the ALJ, Ms. Hill's credentials as a P.A. are clear at the end of the system-specific questionnaires. R. 751. Nevertheless, the Commissioner's briefing identifies several internal inconsistencies, and notes that because P.A. Hill is not an acceptable medical source, the ALJ is not required to assign any particular weight to the evidence she offers. Comm'r's Br., pp. 9-10. Thus, the Commissioner argues the ALJ appropriately gave more weight to other medical evidence and opinions in the record, including those of Dr. James Bailey, (Ex. 3F, R. 281-82), and Dr. Vasudev Kulkarni (Ex. 9F, R. 564-67).

The Court agrees with the Commissioner that the ALJ is not required to specifically reference every piece of evidence, Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014), and the Commissioner identifies multiple inconsistencies within the questionnaires filled out by P.A. Hill that could fall under the ALJ's identification of internal inconsistencies. The Court also agrees with Plaintiff this Court should not now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir.

1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Accordingly, the Court declines to stake its recommendation for remand to the tenuous arguments presented about P.A. Hill, and instead turns to the ALJ's failure to properly consider the side effects of Plaintiff's medication as part of the analysis of Plaintiff's subjective complaints.[3] Should the District Judge adopt the recommendation for remand as explained in the next section, of course upon return to the administrative level, the entirety of the record and all of Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law.

### D. The Case Should Be Remanded Because the ALJ Failed to Properly Consider Plaintiff's Reported Medication Side Effects as Part of the Analysis of Plaintiff's Subjective Complaints.

In an argument that dovetails with Plaintiff's contention the ALJ failed to properly weigh the statement of P.A. Hill concerning his ability to perform sedentary work, Plaintiff also alleges the ALJ erred in assessing his credibility as it relates to his subjective complaints. Pl.'s Br., pp. 20-25. Plaintiff acknowledges the ALJ discounted his credibility based on inconsistencies between Plaintiff's allegations, his statements regarding daily activities, and the medical evidence. Id. at 23; Reply Br., pp. 5-6. However, he contends the statement of P.A. Hill, along with his description of *how* he does the daily activities identified by the ALJ, to include the side effects of his medication on the ability to perform those activities, shows the ALJ erred in his credibility determination. The Commissioner does not directly address the reported side effects

---

[3]For example, Plaintiff argues a P.A.'s opinion "may be given more weight than an acceptable medical source if she had seen the individual more often than a treating source, and was more familiar with his condition." Reply Br., p. 3. Notably, however, Plaintiff does not cite to any records showing P.A. Hill saw Plaintiff on multiple occasions or otherwise explain a basis for being "more familiar with [Plaintiff's] condition."

of Plaintiff's medication but contends the ALJ properly relied on multiple factors to evaluate Plaintiff's credibility. Comm'r's Br., pp. 11-13.

### 1. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

As explained in SSR 96-7p, the ALJ must consider the entire record in evaluating credibility, including objective medical evidence, the individual's own statements, and statements from doctors or other persons about the claimant's symptoms and how they affect the

claimant.[4] SSR 96-7p, 1996 WL 374186, at *1-2 (July 2, 1996). This SSR further requires, "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Id. at *4. The regulations clarify, and the ALJ acknowledged, "[t]he type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms," must be considered when assessing credibility. R. 25; 20 C.F.R. § 404.1529(c)(3)(iv).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[5] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

---

[4]On March 16, 2016, SSR 16-3p superseded 96-7p. SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation in not an examination of an individual's character." Id. The change in terminology does not change the substance of the Court's analysis.

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### 2. The ALJ Failed to Adequately Consider Plaintiff's Testimony Concerning the Side Effects of His Pain Medication.

As described above, part of the determination as to whether Plaintiff's impairments limit his ability to work requires the ALJ to consider Plaintiff's subjective complaints, which includes effectiveness and side effects of medications Plaintiff takes for his alleged symptoms. In the Eleventh Circuit, "under certain circumstances, an ALJ's duty to develop a full record can include investigating the side effects of medications." Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 366 (11th Cir. 2010) (citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981)); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004) (reversing denial of benefits where, *inter alia*, ALJ "failed to consider the effects of the side effects of plaintiff's medication"). As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart, 662 F.2d at 737.

The court in Cowart went to on to quote with approval the following language from a First Circuit case:

> The present record contains no medical evidence regarding whether appellant's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. While appellant's claim might be exaggerated, a layman is in no position to make any such determination on this record. It would have been appropriate for the administrative law judge to have sought further medical evidence, or to have made some further inquiry, since appellant raised the question. *At [the] very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored.*

Id. (emphasis added and internal citations omitted). However, the burden is on a claimant to prove he is disabled, and he must introduce evidence supporting a claim that his alleged

symptoms, including medicinal side effects, make him unable to work. Walker, 404 F. App'x at 366 (citing Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)).

Here, Plaintiff identified side effects of his medicine in writing. R. 212 (listing stomach problems, drowsiness, disorientation, lethargy, and constipation). At the administrative hearing on February 14, 2014, Plaintiff testified he took tramadol, hydrocodone, and morphine for pain. R. 55. Medical records confirm those three medications on a list of sixteen total medications prescribed for Plaintiff approximately one month before the hearing. R. 766-68. The hydrocodone prescription instructs Plaintiff to take one tablet, four times a day for pain but cautions, "may cause drowsiness, should not drink alcohol or drive while taking." R. 767. The briefing succinctly summarizes Plaintiff's hearing testimony as follows:

> [Plaintiff] took morphine every day, tramadol as needed, and hydrocodone if the pain woke him up. The medications made him fall asleep and he slept for two to two and a half hours. The medications also made it harder for him to focus and he felt his memory was failing him. He was afraid to drive because he could not focus. His mother drove him to the hearing for that reason.

Pl.'s Br., p. 12 (citing R. 53-57); see also Reply Br., p. 6 (noting medications included naproxen, hydrocodone, meloxicam, Lortab, and morphine).

The ALJ acknowledged Plaintiff took medication for pain, but he did not describe with any detail the type or amount Plaintiff had been prescribed. R. 26-28. The ALJ twice referenced Plaintiff had reported no side effects from his medication, but both citations are to the same two pages of progress notes dated October 4, 2013. R. 27 (citing Ex. 17F, R. 679, 681); R. 28 (citing Ex. 17F, R. 679); cf. R. 411 (reporting of side effects of drug use). There is no mention of Plaintiff's hearing testimony on side effects he claims to have been experiencing approximately four months after the records cited in the ALJ's opinion.

14

The Commissioner does not confront Plaintiff's argument head on, choosing instead to argue Plaintiff's daily activities, along with other evidence that included medical sources observing Plaintiff's normal gait and posture without an assistive device, were sufficient reasons to discredit Plaintiff's subjective complaints. Comm'r's Br., pp. 12-13. There is no explanation for the ALJ's failure to address the side effects alleged at the hearing, and the Commissioner's attempt to gloss over the ALJ's failure to develop fully and analyze this issue must fail. Cf. Walker, 404 F. App'x at 366-67 (finding no error in record development on side effects where ALJ noted hearing testimony in decision and contrasted testimony to medical records). The Court is mindful Plaintiff must present evidence in support of his claim that medication side effects make him unable to work. Ellison, 355 F.3d at 1276. Here, however, the Court cannot determine from the record whether the ALJ considered Plaintiff's complaints about the side effects of his prescription drugs because the ALJ cited one progress note written months before the administrative hearing, and the decision does not list the side effects about which Plaintiff complained.

Whether Plaintiff's alleged side effects can be corroborated or discredited is not for this Court to decide. As explained above, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Mills, 226 F. App'x at 931-32; Martin, 748 F.2d at 1031. In this instance the ALJ's decision does not adequately address the medicinal side effects reported by Plaintiff, side effects that if credited, have a real possibility of calling into question the ALJ's credibility determination, a key component of the ALJ's decision that Plaintiff would be able to perform the sedentary jobs identified by the VE. Therefore, this case should be remanded for further proceedings.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 30th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA